**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4438**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RODRICK LAMONT NICHOLSON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:07-cr-00196-NCT-1)

Submitted:  December 11, 2008      Decided:  December 17, 2008

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodrick Lamont Nicholson appeals his sentence imposed after pleading guilty to possession with intent to distribute cocaine base. Nicholson's counsel has filed an appeal under Anders v. California, 386 U.S. 738 (1967), raising the issue of whether Nicholson's sentence was reasonable. The Government declined to file a brief. Nicholson did not file a pro se supplemental brief. Finding no error, we affirm.

Counsel raises the issue of whether the district court committed error in determining Nicholson's sentence, but concludes that there was no sentencing error. A sentence is reviewed for abuse of discretion, Gall v. United States, 128 S. Ct. 586, 597 (2007), with the review encompassing both procedural soundness and substantive reasonableness. Id. Nicholson's counsel questions whether Nicholson's sentence is unreasonable because it is greater than necessary to achieve the aims of sentencing. In particular, counsel raises the issue of whether the reduced crack to powder cocaine ratio should have applied to Nicholson's case. Although the 2007 edition of the United States Sentencing Guidelines Manual was used, Nicholson was a career offender; thus, his advisory Guidelines range was unaffected by recent adjustments to the ratio. Counsel argues, however, that because a sentencing disparity is still enshrined

in the statute, the court should have recognized the disparity and reduced his sentence, granting him a downward variance.

A sentence within the Guidelines range is presumptively reasonable. The record reveals that the court considered the 18 U.S.C. § 3553(a) (2006) factors, and there is no indication that the district court abused its discretion in fashioning the sentence. Applying a presumption of reasonableness to the Guidelines sentence, see United States v. Go, 517 F.3d 216, 218 (4th Cir. 2008); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-Guidelines sentence), we conclude that Nicholson has not rebutted the presumption of reasonableness and that his sentence is reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Nicholson's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED